**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

TREVIS L. FUNCHES,

                         Plaintiff,

     - v -                                      Civ. No. 9:17-CV-1292
                                                       (LEK/DJS)

ANTHONY RUSSO, A. POLIZZI, JEREMY GREENE,
JEFF McKOY, and CHERYL MORRIS,

                        Defendants.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

TREVIS L. FUNCHES
Plaintiff, *Pro Se*
02-A-2668
Gouverneur Correctional Facility
Scotch Settlement Road
P.O. Box 480
Gouverneur, New York 13642

BARBARA D. UNDERWOOD                 HELENA LYNCH, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

     The Amended Complaint in this action alleges that Plaintiff's civil rights were violated while in the custody of the Department of Corrections and Community Supervision ("DOCCS") by Defendants, who are employees of DOCCS. *See generally* Dkt. No. 10, Am. Compl. Following initial review under 28 U.S.C. §§ 1915(e) & 1915(A), the claims

remaining in this action are: (1) Fourteenth Amendment due process claims against Defendants Greene and Polizzi; and (2) First Amendment retaliation claims against Defendants Russo, Morris, and McKoy. Dkt. No. 19.

Defendants have now filed a Motion to Dismiss the Amended Complaint in its entirety. Dkt. No. 30. Their arguments in favor of dismissal are set forth at length in their Memorandum of Law. Dkt. No. 30-1, Defs.' Mem. of Law. Plaintiff has opposed the Motion. Dkt. No. 33, Pl.'s Opp. Defendants filed a Reply Memorandum of Law. Dkt. No. 34, Defs.' Reply Mem. Plaintiff then filed a Sur-reply. Dkt. No. 36, Pl.'s Sur-reply.[1] Having considered the arguments of the parties, the Court recommends that the Motion to Dismiss be denied.

## I. FACTUAL BACKGROUND

The Amended Complaint, as refined through prior decisions, asserts due process and retaliation claims. For purposes of providing context, the Court sets forth below the general facts underlying each claim.

On June 30, 2017, Plaintiff was issued an inmate misbehavior report charging him with violent conduct, creating a disturbance, assault on an inmate, and refusing a direct order. Dkt. No. 10-1 at p. 36. Defendant Greene was Plaintiff's employee assistant prior to the hearing. Am. Compl. at pp. 14-15. Plaintiff alleges that he requested numerous documents from Greene, but that Greene refused to provide at least some of that material to Plaintiff.

---

[1] There is no provision in the applicable rules for such a filing, but given Plaintiff's *pro se* status, the Court has considered the submission on this Motion.

*Id.* Plaintiff alleges that he requested some of this same material from Polizzi, who served as the hearing officer, and that Polizzi also failed to provide copies of certain documents. *Id.* at p. 15. Plaintiff was found not guilty of assaulting an inmate, but found guilty of the other three charges. Dkt. No. 10-1 at p. 36.

Plaintiff's retaliation claims relate to two distinct factual situations. Regarding Defendant Russo, the Amended Complaint alleges that Russo, while investigating a grievance filed by Plaintiff, openly questioned Plaintiff about the number of grievances and/or complaints Plaintiff had filed. Am. Compl. at p. 6. Plaintiff alleges that Russo then directed a corrections officer to search Plaintiff's cell and confiscate his hot pot to retaliate for those filings. *Id.* McKoy and Morris are alleged to have retaliated against Plaintiff, for prior complaints against correctional staff, by denying him the ability to correspond with relatives who were also incarcerated individuals although he had previously received approval to do so. *Id.* at pp. 18-20.

## II. LEGAL STANDARD FOR RULE 12(b)(6) MOTION TO DISMISS

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "the court reads the facts alleged in the complaint, assumes the truth of those facts, and decides whether those facts state a claim under the applicable legal standard." *Espinoza ex rel. JPMorgan Chase & Co. v. Dimon*, 797 F.3d 229, 235 (2d Cir. 2015). In doing so, the court draws all inferences in favor of the plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006). "When considering motions to dismiss a *pro se* complaint such as this, 'courts must construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests.'"

*Weixel v. Bd. of Educ. of City of New York*, 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting *Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000)) (internal alterations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

### III. DISCUSSION

### A. Plaintiff's Due Process Claims

Defendants seek dismissal of the due process claim on the ground that Plaintiff has not alleged a protected liberty interest and, in the alternative, that he received all the process he was due. For the reasons that follow, the Court recommends that the Motion to be denied.

*1. Whether Plaintiff had a Protected Liberty Interest*

The threshold question in any prisoner disciplinary due process case is whether the plaintiff has alleged a protected liberty interest. *Marino v. Klages*, 973 F. Supp. 275, 277 (N.D.N.Y. 1997). Here, Defendants contend that because Plaintiff was sentenced to only 120 days in disciplinary confinement, he has not alleged such a liberty interest and his due process claim must be dismissed. They argue that for a disciplinary sentence of between 101 and 305 days, a plaintiff cannot establish that a liberty interest exists "without pleading significant aggravating conditions." Defs.' Mem. of Law at p. 9 (citing cases).

Some courts have held, contrary to the cases relied upon by Defendants, that a 120 day SHU confinement adequately alleges a protected liberty interest to survive a Rule 12(b)(6) motion. *See, e.g., Marhone v. Cassel*, 2018 WL 4189518, at *10 (S.D.N.Y. Aug. 31, 2018). Moreover, the allegation of 120 days of confinement places Plaintiff "within the guideline governing intermediate durations of confinement. For such a duration of confinement, the fact-finding required by the Second Circuit to determine whether this intermediate sentence constitutes an atypical and significant hardship cannot occur on a motion to dismiss." *Koehl v. Bernstein*, 2011 WL 2436817, at *7 (S.D.N.Y. June 17, 2011), *report and recommendation adopted*, 2011 WL 4390007 (S.D.N.Y. Sept. 21, 2011).

Plaintiff does not rely solely on the amount of time alone to establish a liberty interest in any event. He alleges that while confined he was given discolored drinking water. Am. Compl. at p. 17. DOCCS concedes that in the Special Housing Unit at Eastern "the water is stained at times," but alleges that it posed no health risks. Dkt. No. 10-2 at p. 13. Given these allegations, Plaintiff "should be afforded the opportunity to further demonstrate the conditions of his confinement against that of the general prison population to determine whether his allegations . . . adequately establish a liberty interest." *Logan v. Harvey*, 2017 WL 9511179, at *5 (N.D.N.Y. Sept. 26, 2017), *report and recommendation adopted*, 2017 WL 4621108 (N.D.N.Y. Oct. 16, 2017).

### 2. Whether Plaintiff Received Due Process

In the context of an inmate disciplinary proceeding, due process requires that the inmate be: (1) afforded advance written notice of the charges against him; (2) provided a

written statement supporting the disposition and reasons for the disciplinary action taken; (3) permitted to call witnesses and present documentary evidence; (4) provided a fair and impartial hearing officer; and (5) found guilty only if the disposition is supported by at least "some evidence." *Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974); *Kalwasinski v. Morse*, 201 F.3d 103, 108 (2d Cir. 1999) (citing cases). Additionally, because Plaintiff was confined to a special housing unit prior to his disciplinary hearing, he was also entitled to an employee assistant. *Clark v. Gardner*, 256 F. Supp. 3d 154, 170 (N.D.N.Y. 2017).

Regarding Defendant Greene, Plaintiff's designated employee assistant, Plaintiff alleges that he provided constitutionally inadequate assistance. Am. Compl. at pp. 14-15. Liberally construed, the allegation in this regard is that Plaintiff requested that Greene provide certain documents to him in advance of the disciplinary hearing, but that Greene did not do so. *Id.* Defendants are correct in pointing out that due process does not require that every available document be provided to an inmate in advance of a disciplinary hearing. *See Rossi v. Stevens*, 2008 WL 4452383, at *10 (S.D.N.Y. Sept. 30, 2008). At this early stage of this litigation, however, what documents were and were not provided and the relevance of those allegedly not provided cannot be assessed. Plaintiff contends that he was denied material that was necessary for him to review to prepare his defense. "Taking Plaintiff's allegations as true, as the Court must on a motion to dismiss, Plaintiff has stated a due process violation relating to defendant['s] failure to provide him with proper assistance in preparing for his disciplinary hearing." *Brooks v. Prack*, 77 F. Supp. 3d 301, 316 (W.D.N.Y. 2014); *see also Ayers v. Ryan*, 152 F.3d 77, 81 (2d Cir. 1998) (recognizing failure to provide

requested documents may amount to denial of due process); *Samuels v. Fischer*, 168 F. Supp. 3d 625, 645 (S.D.N.Y. 2016) (similar) (citing cases).

Plaintiff's related claim that Polizzi did not remedy Greene's failure to provide documents that Plaintiff needed in support of his defense, Am. Compl. at p. 15, also survives the Motion. An inmate has the right to "present documentary evidence in his defense" at a prison disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. at 566. That right is a limited one and material that is irrelevant or unnecessary may be excluded by the hearing officer, but "[t]he burden is on the prison official to demonstrate 'the rationality of his position.'" *Sloane v. Borawski*, 64 F. Supp. 3d 473, 486 (W.D.N.Y. 2014) (quoting *Fox v. Coughlin*, 893 F.2d 475, 478 (2d Cir. 1990)). Given Plaintiff's allegation that he was denied the opportunity for a "meaningful review" of relevant documents, Am. Compl. at p. 15, the mere assertion that Plaintiff was not entitled to receive every document he wished does not carry that burden on this Motion.

Plaintiff further contends that Polizzi denied him due process because the evidence did not support the guilty determinations. Am. Compl. at p. 17. Plaintiff's legal conclusion that there was insufficient evidence to find him guilty itself need not be credited as true on this Motion, but Plaintiff points to several factors - the absence of a weapon and the lack of testimony regarding certain injuries allegedly inflicted by Plaintiff, for example - as potential grounds for concluding that there was insufficient evidence for the guilty determination. Am. Compl. at p.17; Pl.'s Opp. at p. 7 (asserting that there was no testimony regarding injuries). Plaintiff also contends that Polizzi improperly relied upon a decade-old incident in assessing

this case and failed to call a witness requested by Plaintiff. Pl.'s Sur-reply at pp. 8-9. While Polizzi may ultimately be able to prove that the evidence supported his guilty determination (and that other required aspects of due process were complied with), given the allegations to the contrary by Plaintiff, the Motion to Dismiss on this ground must be denied.

### B. Plaintiff's Retaliation Claims

Following initial review, Judge Kahn found that two distinct First Amendment retaliation claims could proceed: (1) a claim against Defendant Russo arising out of his investigation of Plaintiff's 2015 Grievance and (2) a claim against Morris and McCoy arising out of Morris' revocation of Plaintiff's correspondence privileges with his family members. Dkt. No. 19 at p. 22.

"To prevail on a First Amendment retaliation claim, an inmate must establish '(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected conduct and the adverse action.'" *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (quoting *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009)). The plaintiff must establish that "the protected conduct was a substantial or motivating factor" behind the retaliatory action. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). The Second Circuit has warned that "courts must approach prisoner claims of retaliation with skepticism and particular care." *Dawes v. Walker*, 239 F.3d 489, 491 (2d Cir. 2001) (citing *Flaherty v. Coughlin*, 713 F.2d 10, 13 (2d Cir. 1983)). This is true because retaliation claims are "easily fabricated" and as a result "virtually any adverse action taken against a prisoner by a prison official - even those

otherwise not rising to the level of a constitutional violation - can be characterized as a constitutionally proscribed retaliatory act." *Dawes v. Walker*, 239 F.3d at 491.

Defendant Russo is alleged to have retaliated against Plaintiff by directing that Plaintiff's cell be searched and his hot pot confiscated because complaints made by Plaintiff had been given to Russo for investigation. Am. Compl. at pp. 6-7. "Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (quoting *Dawes v. Walker*, 239 F.3d at 493).

> Even though district courts have found that cell searches alone are not actionable under § 1983, even if retaliatory, allegations that a defendant confiscated personal property and/or legal papers during the course of a cell search have been found sufficient to deter an inmate of ordinary firmness from exercising his constitutional rights.

*Guillory v. Haywood*, 2015 WL 268933, at *21 (N.D.N.Y. Jan. 21, 2015). In *Guillory*, the Court found allegations that a retaliatory cell search accompanied by the confiscation of personal property "states a plausible claim for retaliation" sufficient to withstand dismissal. *Id.* at *3 & 21; *see also Yunus v. Jones*, 2017 WL 9511176, at *9 (N.D.N.Y. Aug. 23, 2017), *report and recommendation adopted*, 2017 WL 5956762 (N.D.N.Y. Dec. 1, 2017).[2] Defendant Russo's Motion to Dismiss, therefore, should be denied.

With regard to Defendant Morris, Plaintiff alleges that she told him "you have been

---

[2] It appears that the confiscated hot pot was replaced at some point, Am. Compl. at pp. 6-7, a fact that might be relevant to the ultimate resolution of Plaintiff's claim, but the circumstances and timing of the replacement are not clear and are the proper subject of discovery.

writing numerous staff complaints and that needs to stop" and that "[s]hortly thereafter" Plaintiff's ability to communicate with certain family members was discontinued. Am. Compl. at p. 19. Plaintiff also specifically alleges that Defendant Morris personally had letters to Plaintiff's sons returned. *Id.* Morris seeks dismissal of the Amended Complaint on several grounds, Defs.' Mem. of Law at pp. 18-20, none of which is sufficient at this juncture to dismiss this claim.

Morris contends that Plaintiff's claim is not plausible because it concerns complaints unrelated to her. *Id.* at pp. 18-19. The filing of complaints against prison staff by an inmate is clearly a protected activity. *Scott v. Coughlin*, 344 F.3d 282, 288 (2d Cir. 2003). Retaliation because of such speech, regardless of whether the complaints directly concerned Morris, could be actionable and "at this stage in the proceedings, those allegations support the inference that the named Defendant[] in this action w[as] generally aware of Plaintiff's participation in a protected activity." *Alston v. Bellerose*, 2015 WL 4487973, *9 (D. Conn. July 23, 2015). This ground, therefore, is no basis for dismissal.

Morris also seeks dismissal of the Amended Complaint on the ground that Plaintiff's correspondence privileges would have been taken away regardless of any protected activity or retaliatory motive because proof that would be required to permit correspondence under the circumstances was not available. Defs.' Mem. of Law at p. 19. While this type of defense is certainly available in a retaliation claim, it involves burden shifting that often requires full discovery before a final determination can be reached. *Scott v. Coughlin*, 344 F.3d at 287.

Finally, Plaintiff alleges that Defendant McKoy retaliated against Plaintiff by failing to remedy Defendant Morris' deprivation of correspondence privileges. Am. Compl. at pp. 19-20. McKoy seeks dismissal of these claims both because the restriction on correspondence privileges was valid under relevant law and because McKoy ultimately reinstated those privileges. Defs.' Mem. of Law at pp. 20-22. As to the first of these arguments, Defendant focuses on the reasonableness of the DOCCS Directive governing correspondence between inmates. *Id.* Defendant argues that the Directive, which requires approval by a facility superintendent for inmate to inmate communication, is a reasonable restriction serving legitimate penological purposes. *See Dunn v. Todd,* 2017 WL 3311245, at *10 (N.D.N.Y. July 10, 2017). The policy, however, is not at issue in this case. Instead, the question is whether Plaintiff was retaliated against for other grievances he filed by being denied otherwise approved communications with family members. Plaintiff alleges here that the required approvals were in place and that he was nonetheless denied the ability to correspond. This Court must take that allegation as true on this Motion, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002), and it is sufficient to defeat Defendant's apparent assertion that such communication had not been approved.

The second argument, that McKoy eventually did permit the requested correspondence, is also insufficient at this stage of the litigation to warrant dismissal. It appears from the exhibits attached to the Amended Complaint that McKoy notified Plaintiff on November 1, 2017, that the necessary information had been verified regarding his correspondence privileges, but those same records indicate that it was more than a month

prior that Plaintiff had made McKoy aware of the problem. Dkt. No. 10-1 at pp. 21-22. While it may be that McKoy can show that the proper procedures were followed in the interim, as he appears to assert in this Motion, such proof does not *a fortiori* establish a lack of retaliation. *Cf. Broich v. Inc. Village of Southampton*, 462 Fed. Appx. 39, 46 n. 4 (2d Cir. 2012) (noting that the fact that the entity may have had sufficient justification to act does not resolve the question of whether it would have acted in the absence of retaliatory animus); *Tuszynski v. Innovative Servs., Inc.*, 2005 WL 221234, at *2 (W.D.N.Y. Jan. 29, 2005) ("[I]t is well settled that a retaliation claim is not dependent on the ultimate merits of any underlying discrimination claim and that an employee may be successful in a retaliation claim even if he does not prevail in the discrimination claim.") (citing *Davis v. State University of New York*, 802 F.2d 638, 642 (2d Cir. 1986)).

For these reasons, the Court recommends that the Motion to Dismiss be denied as to Plaintiff's retaliation claims.

### C. Qualified Immunity

Defendants alternatively seek dismissal on the ground that they are entitled to qualified immunity. Defs.' Mem. of Law at pp. 22-25. Qualified immunity provides a "shield[] . . . from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct. . . . To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 566 U.S. 658, 664 (2012) (internal quotation marks and citations omitted). Largely for the reasons

identified above, dismissal on qualified immunity grounds is not appropriate here.

An inmate's right to due process during a prison disciplinary proceeding has long been clearly established. *Walsh v. Keane*, 1993 WL 454237, at *4 (S.D.N.Y. Nov. 1, 1993). Defendants' argument that there is no clearly established law that Plaintiff must be provided with copies of specific documents rather than having those documents read into the record, Defs.' Mem. of Law at p. 23, reads the right too narrowly. It is not the case that "an official action is protected by qualified immunity unless the very action in question has previously been held unlawful." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). Plaintiff has alleged that he was denied his clearly established right to access to certain materials prior to and during his hearing and those allegations are sufficient to withstand dismissal.

An inmate's right to be free from retaliation for filing grievances is also clearly established. *Rivera v. Senkowski*, 62 F.3d 80, 85 (2d Cir. 1995). Defendants' arguments for qualified immunity on this claim generally mirror the merits arguments considered above and for the same reasons previously identified, none of the Defendants can show that their alleged actions did not violate a clearly established right.

## IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 30) be **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: November 2, 2018
 Albany, New York

Daniel J. Stewart
U.S. Magistrate Judge