**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

TREVIS L. FUNCHES,

                    Plaintiff,

     v.                                   9:17-CV-1292
                                                     (LEK/DJS)

ANTHONY RUSSO, *et al.*,

                    Defendants.

**APPEARANCES:**                                **OF COUNSEL:**

TREVIS L. FUNCHES
02-A-2668
Plaintiff, *pro se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. LETITIA JAMES                     HELENA LYNCH, ESQ.
New York State Attorney General         Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**DANIEL J. STEWART**
**United States Magistrate Judge**

## DECISION and ORDER

### I. INTRODUCTION

    Plaintiff Trevis L. Funches commenced this civil rights action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application to proceed *in forma pauperis* ("IFP"). Dkt. No. 1 ("Compl."); Dkt. No. 5 ("IFP

Application").[1]  By Memorandum-Decision and Order filed February 15, 2018, the Honorable Lawrence E. Kahn granted Plaintiff's IFP Application, dismissed several of Plaintiff's claims, and directed service and a response for the claims that survived *sua sponte* review.  Dkt. No. 7 ("February 2018 Order").

Prior to the completion of service, Plaintiff filed an Amended Complaint.  *See* Dkt. No. 10 ("Am. Compl.").  Thereafter, counsel for the Defendants moved to dismiss the Amended Complaint.  Dkt. No. 30.  By Decision and Order filed December 6, 2018, the Honorable Lawrence E. Kahn approved and adopted the Report-Recommendation and Order of the undersigned and denied Defendants' Motion to Dismiss.  Dkt. No. 43.

On December 20, 2018, Defendants answered the Amended Complaint, and a Mandatory Pretrial Discovery and Scheduling Order was issued.  Dkt. No. 45 ("Answer"); Dkt. No. 47 ("Scheduling Order").  In March 2019, Plaintiff moved for summary judgment on his claims for relief.  Dkt. No. 55.  Pursuant to the Scheduling Order, discovery closed on June 21, 2019.  *See* Scheduling Order at p. 5.

In August 2019, Plaintiff filed a Motion to Supplement his Pleadings, together with a proposed supplemental pleading, which is presently before the Court.  *See* Dkt. No. 57 ("Motion to Supplement"); Dkt. No. 57-1 ("Prop. Supp. Compl.").  Defendants have opposed the Motion to Supplement.  Dkt. No. 65 ("Opposition to the Motion to Supplement").

---

[1] Plaintiff's initial application to proceed IFP was denied as incomplete and the action was administratively closed.  Dkt. No. 4.  Plaintiff then filed his IFP Application, and this action was re-opened.  *See* IFP Application; Dkt. No. 6.

## II. MOTION TO SUPPLEMENT THE COMPLAINT

### A. Relevant Legal Standard

The filing of a supplemental pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. FED. R. CIV. P. 15. Specifically, Rule 15(d) allows a party, "[o]n motion and reasonable notice, . . . to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). In the case of proposed amendments where new defendants are to be added, the Court must also look to Rule 21 of the Federal Rules of Civil Procedure, which states that a party may be added to an action "at any time, on just terms." FED. R. CIV. P. 21.

The standard for a motion to supplement is the same as for a motion to amend the pleadings under FED. R. CIV. P. 15(a). *Klos v. Haskell*, 835 F. Supp. 710, 715 (W.D.N.Y. 1993). Addition of parties under Rule 21 is also guided by the same liberal standard as a motion to amend under Rule 15. *Fair Housing Development Fund Corp. v. Burke*, 55 F.R.D. 414, 419 (E.D.N.Y. 1972). Thus, leave to supplement should be given "absent evidence of undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000); *see also Couloute v. Ryncarz*, 2012 WL 541089, at *3 (S.D.N.Y. Feb. 17, 2012) (quoting *Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d at 283); *Albrecht v. Long Island R.R*, 134 F.R.D. 40, 41 (E.D.N.Y. 1991) (noting that a party may supplement to include subsequent occurrences "absent prejudice to the nonmoving party").

However, "[c]ourts regularly deny motions to amend where the moving party seeks

to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case." *Amusement Indus. v. Stern*, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 10, 2014); *see also Mitchell v. Cuomo*, 2019 WL 1397195, at *3 (N.D.N.Y. Mar. 28, 2019) (adopting Magistrate Judge's recommendation to deny motion to supplement where "[t]he proposed First Amendment claims are neither related to nor pertain to the allegations in the operative pleading, thus providing a basis to deny amendment under Rule 15(d)"); *Beckett v. Inc. Vill. of Freeport*, 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014) ("Supplemental pleadings are limited to subsequent events related to the claim or defense presented in the original pleading." (internal quotation marks omitted)).

In addition, leave to amend or supplement is properly denied "where the belated motion would unduly delay the course of proceedings by, for example, introducing new issues for discovery." *Grace v. Rosenstock*, 228 F.3d 40, 53-54 (2d Cir. 2000) (internal citation omitted); *see also Mitchell v. Cuomo*, 2019 WL 1397195, at *3 ("Furthermore, denial of the motion to amend to add the First Amendment claims was proper because the addition of the claims would not promote the economic and speedy disposition of the controversy between the parties as framed in the operative pleading."); *Girard v. Hickey*, 2016 WL 915253, at *6 (N.D.N.Y. Mar. 4, 2016) ("[B]ecause this case presently includes multiple causes of action asserted against multiple defendants, the Court finds that the addition of numerous other defendants and unrelated claims arising at entirely distinct locations will necessarily prolong this action and impose additional expense on defendants. Moreover, the

Court finds that adding these new claims would not aid in the efficient resolution of this action.").

The decision to grant or deny a motion to amend or supplement is committed to the sound discretion of the trial court and the court's decision is not subject to review on appeal except for abuse of discretion. *Fielding v. Tollaksen*, 510 F.3d 175, 179 (2d Cir. 2007); *Nettis v. Levitt*, 241 F.3d 186, 192 (2d Cir. 2001).

**B. Analysis**

In support of his Motion, Plaintiff has submitted a proposed supplemental pleading which names nineteen individuals as Defendants, none of whom are currently Defendants in this action, and all of whom are alleged to be employed at Gouverneur Correctional Facility. *See* Prop. Supp. Compl. at pp. 1-2. Plaintiff's proposed supplemental pleading is based on events that allegedly occurred following his arrival at Gouverneur Correctional Facility in October 2018. *Id*. at pp. 3-17.

In their Opposition to the Motion to Supplement, Defendants argue that Plaintiff's Motion should be denied because none of the proposed new allegations bear any relation to the allegations in the operative pleading, and allowing these unrelated allegations (and claims) in this action would undermine judicial efficiency and cause undue prejudice to Defendants. *See generally* Opposition to the Motion to Supplement. Upon review, the Court agrees.

The allegations in the proposed supplemental pleading bear no relationship to the allegations in the Amended Complaint, which relate entirely to events that occurred in 2017

and earlier at Eastern Correctional Facility. *Compare* Am. Compl. *with* Prop. Supp. Compl. Furthermore, discovery in this case closed almost two months before Plaintiff filed his Motion to Supplement. Thus, accepting Plaintiff's proposed supplemental pleading would not serve the interests of justice, and would instead result in significant prejudice to the current Defendants. In addition, there is no apparent prejudice to Plaintiff in denying his motion at this time in light of the fact that he is free to commence a new lawsuit against the proposed new Defendants at Gouverneur Correctional Facility, arising from the alleged wrongdoing Plaintiff suffered at that facility. *See Purcelle v. Thomas*, 2019 WL 1762628, at \*3 (N.D.N.Y. Apr. 22, 2019) (denying motion to supplement where Plaintiff would suffer no apparent prejudice if the motion was denied because he could pursue the claims in his proposed supplemental complaint by commencing a new action).

For these reasons, Plaintiff's Motion to Supplement is denied.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's Motion to Supplement his Amended Complaint (Dkt. No. 57) is **DENIED**; and it is further

**ORDERED**, that the stay of the deadline for dispositive motions (*see* Dkt. No. 61), is **LIFTED** and the deadline for dispositive motions is reset for December 9, 2019; and it is further

**ORDERED**, that Defendants shall respond pursuant to the Local Rules of this Court to Plaintiff's Motion for Summary Judgment on or before December 9, 2019; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 15, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge