UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TREVIS L. FUNCHES,

                    Plaintiff,

        -against-                                    9:17-CV-1292 (LEK/DJS)

ANTHONY RUSSO, *et al.*,

                    Defendants.

_____

## DECISION AND ORDER

### I.      INTRODUCTION

        Pro se plaintiff Trevis Funches brought this 42 U.S.C. § 1983 action against various

employees of Eastern Correctional Facility ("Eastern C.F."): Deputy Superintendent for

Security Anthony Russo, Hearing Officer A. Polizzi, Correction Officer Jeremy Greene, and

Deputy Superintendent of Programs Cheryl Morris, among other defendants who have been

terminated from this action. See Docket. Plaintiff alleges violations of his constitutional rights

while he was in the custody of the Department of Corrections and Community Supervision

("DOCCS") at Eastern C.F. See Dkt. No. 10 ("Amended Complaint").

        After the parties filed cross-motions for summary judgment, the Hon. Daniel J. Stewart,

United States Magistrate Judge, recommended that Plaintiff's motion be denied and that

Defendants' motion be granted in part and denied in part. See Dkt. No. 92 ("Report-

Recommendation"). Before the Court are objections filed by Plaintiff and Russo. See Dkt. Nos.

94 ("Plaintiff's Objections"), 95 ("Russo Objections").

        For the reasons discussed below, the Court adopts the Report-Recommendation in its

entirety.

## II.      BACKGROUND

### A.  Factual History

The Court detailed Plaintiff's factual allegations in its February 15, 2018 Memorandum-Decision and Order. See Dkt. No. 7. For convenience, the Court briefly summarizes the facts relevant to the objections.

Sometime in 2015, Russo was tasked with investigating a grievance filed by Plaintiff regarding allegedly stolen property. See Dkt. No. 1 ("Complaint") at 25–26. Russo allegedly demanded Plaintiff explain why Russo had "ten . . . pages of write-up on [his] desk" and ordered non-party Officer Menard to search Plaintiff's cell and "take his Hot Pot." Id. at 26.

In early 2017, Morris denied Plaintiff the ability to correspond with his son because Plaintiff had not provided verification of the relationship. See id. at 21–22, 24.

On June 30, 2017, Plaintiff was involved in a fight with another inmate and received a misbehavior report. See id. at 15. Polizzi presided over the disciplinary hearing based on the misbehavior report. Id. at 16. Plaintiff objected to the failure of Greene, his assigned assistant for the hearing, to provide him with the altercation-related reports and medical records. See id. Over Plaintiff's objection, the reports were read into the record. See id. at 17. Polizzi found Plaintiff guilty and sentenced him to 120 days of SHU confinement. See id.

### B.  Procedural History

On June 7, 2018, this Court determined the following claims survived sua sponte review under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) and could proceed: (1) Plaintiff's Fourteenth Amendment due process claims against Polizzi and Greene arising out of Plaintiff's July 2017

disciplinary hearing; (2) Plaintiff's First Amendment retaliation claim against Russo arising out

of a 2015 grievance; and (3) Plaintiff's First Amendment retaliation claims against Morris and

Jeff McKoy arising out of Morris' revocation of Plaintiff's family correspondence privileges.

<u>See</u> Dkt. No. 19 (the "June 2018 Order").

The remaining defendants filed a motion to dismiss under Federal Rule of Civil

Procedure 12(b)(6) on August 13, 2018. <u>See</u> Dkt. No. 30. This Court dismissed Plaintiff's claim

against McKoy on qualified immunity grounds but denied the motion to dismiss with respect to

the other claims. <u>See</u> Dkt. No. 43 (the "December 2018 Order").

On March 8, 2019, Plaintiff moved for summary judgment. <u>See</u> Dkt. No. 55 ("Plaintiff's

Motion"). Defendants responded by opposing Plaintiff's Motion and cross-moving for

summary judgment on December 9, 2019. <u>See</u> Dkt. No. 81 ("Defendants' Opposition and

Cross-Motion"). Plaintiff filed a response in opposition on January 2, 2020, <u>see</u> Dkt. No. 87

("Plaintiff's Response"), to which Defendants filed a reply, <u>see</u> Dkt. No. 88 ("Defendants'

Reply").

### C.  The Report-Recommendation

Because Plaintiff failed to submit any evidence in support of his summary judgment

motion besides an affidavit in which he argued his allegations were valid, Judge Stewart

recommended denying Plaintiff's Motion. <u>See</u> Report-Recommendation at 4–5. With respect to

this portion of the Report-Recommendation, to which no party has objected, the Court finds no

clear error.

Turning to Defendants' cross-motion, Judge Stewart first addressed Plaintiff's failure to

respond to Defendants' statement of material facts. Because Plaintiff is pro se, Judge Stewart

excused his failure to comply with the local rules and conducted a review of the entire record to discover the undisputed facts. See id. at 6.

Judge Stewart next turned to Plaintiff's claim against Russo, which is based on alleged retaliation for Plaintiff's filing of a grievance that Russo was tasked with investigating. See id. Judge Stewart recommended that Plaintiff's claim against Russo should survive summary judgment because Russo had not met his burden of showing Plaintiff failed to exhaust his administrative remedies under the Inmate Grievance Program ("IGP") . See id. at 8, 10.

But Judge Stewart recommended that the other defendants be granted summary judgment. On Plaintiff's Fourteenth Amendment due process claim against Greene, Judge Stewart recommended dismissal because Plaintiff failed to show Greene inadequately assisted him in preparing for a disciplinary hearing. See id. at 14. On Plaintiff's Fourteenth Amendment due process claim against Polizzi, Judge Stewart recommended dismissal both because Plaintiff failed to show he was prejudiced by not being given the chance to review certain documents and because Polizzi satisfied the "some evidence" standard in finding Plaintiff guilty at the disciplinary hearing. See id. at 16. On Plaintiff's First Amendment claim against Morris, Judge Stewart recommended dismissal because Morris "demonstrated that she would have taken the same action in the absence of a retaliatory motive." Id. at 19.

### D.  Plaintiff's Objection

Plaintiff objected to Judge Stewart's recommendation that Polizzi's summary judgment motion be granted. See generally Pl.'s Obj. Specifically, Plaintiff argues that he was prejudiced by Polizzi's failure to allow him to review certain documents in connection with the disciplinary hearing. See id. at 2. Plaintiff also argues that Morris' denial of his correspondence

4

privileges was "perverse." Pl.'s Obj. at 2.

### E. Russo Objections

On September 29, 2019, Defendants filed an objection to the portion of the Report-Recommendation that recommended denying Russo's motion for summary judgment. See Russo Objs. Defendants argue that Judge Stewart erred in concluding that Russo had not met his burden to show Plaintiff failed to exhaust his administrative remedies. Id. at 3. According to Defendants, Plaintiff could not have exhausted through a September 2015 grievance because that grievance mentions items stolen during a cell transfer, while Plaintiff's claim against Russo is based on an allegedly retaliatory cell search. Id. at 3–4; see Dkt. No. 81-13 (the "September 2015 Grievance").

## III.   STANDARD OF REVIEW

Within fourteen days after a party has been served with a copy of a magistrate judge's report-recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b); see also L.R. 72.1(c). A court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need review that aspect of a report-recommendation only for clear error. See Barnes v. Prack, No. 11-CV-857, 2013 U.S. Dist. LEXIS 37070, at *4 (N.D.N.Y. Mar. 18, 2013); see also Demuth v. Cutting, No. 18-CV-789, 2020 U.S. Dist. LEXIS 34037, at *3 (N.D.N.Y. Feb. 27, 2020) (Kahn, J.). "A [district] judge . . . may accept, reject, or modify, in whole or in part, the findings or recommendations

made by the magistrate judge." § 636(b).

IV.     **DISCUSSION**

   **A. Plaintiff's Objections**

      *1.  Denial of Plaintiff's Summary Judgment Motion*

Plaintiff does not appear to object to Judge Stewart's recommendation that Plaintiff's summary judgment motion be denied. See Pl.'s Objs. at 1 (Plaintiff "files this Opposition to the Defendants' grant of Summary Judgment[.]"). Therefore, the Court reviews the recommendation that Plaintiff's summary judgment motion be denied only for clear error and finds none. See Barnes, 2013 U.S. Dist. LEXIS 37070, at *4. Accordingly, the Court adopts the portion of the Report-Recommendation recommending denial of Plaintiff's summary judgment motion.

      *2.  Grant of Summary Judgment to Morris, Greene, and Polizzi*

Plaintiff objects primarily to Judge Stewart's recommendation that Polizzi be granted summary judgment on Plaintiff's due process claim against him. See generally Pl.'s Objs. Specifically, Plaintiff argues that, contrary to Judge Stewart's finding, he was prejudiced in not receiving certain documents in connection with the 2017 disciplinary hearing. However, Plaintiff does not say how he was prejudiced or indicate in any way that the outcome of the hearing would have been different had he been given the opportunity to review the documents. Because this is a conclusory objection, the Court reviews the recommendation that Polizzi be granted summary judgment only for clear error and finds none. See Barnes,, 2013 U.S. Dist. LEXIS 37070, at *4.

Plaintiff's also alludes to the recommendation that Morris be granted summary

judgment, calling Morris' alleged denial of Plaintiff's correspondence rights "perverse." See Pl.'s Obj. at 2. Facing a general objection such as this one, the Court reviews the Report-Recommendation only for clear error and finds none. See id. at *4.

**B. Russo Objections**

The Court need not determine what standard of review applies to the portion of the Report-Recommendation to which Russo objects because his objection fails even de novo review. See Moss v. Colvin, 845 F.3d 516, 519 n.2 (2d Cir. 2017) ("We need not resolve which standard of review applies to this objection, however, because we conclude that Moss's argument does not prevail even under de novo review.").

The exhaustion requirement of the Prison Litigation Reform Act ("PLRA") gives "corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006) (internal quotation marks omitted). "Consistent with this purpose, a prisoner must allege facts sufficient to alert corrections officers 'to the nature of the claim,' and 'provide enough information about the conduct' at issue 'to allow prison officials to take appropriate responsive measures." Singh v. Lynch, 460 Fed. App'x 45, 46–47 (2d Cir. 2012) (summary order) (quoting Johnson v. Testman, 380 F.3d 691, 697 (2d. Cir. 2004)). "The burden is not a heavy one; it can be analogized to notice pleading." Id. (citing Johnson, 380 F.3d at 697). "All the grievance need do is object intelligibly to some asserted shortcoming." Johnson, 380 F.3d at 697 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002)). "Because failure to exhaust is an affirmative defense," the defendant "bears the burden of showing that an inmate has failed to satisfy the exhaustion requirements." Jenkins v. Short, No. 19-CV-1352, 2020 U.S. Dist. LEXIS 215913,

at *12 (N.D.N.Y. Nov. 16, 2020).

The thrust of the Russo Objections is that Judge Stewart erroneously concluded that the September 2015 Grievance could have related to Plaintiff's retaliation claim against Russo. See generally Russo Objs. However, the September 2015 Grievance appears to be based on the same facts as Plaintiff's claim against Russo. Compare September 2015 Grievance at 3 ("DSS Russo demanded subordinates to take Hot Pot.") with Am. Compl. at 6 ("Russo then turn[ed] to non-party Officer Menard and ordered him to have [Plaintiff's] cell searched and [to] 'take his Hot Pot[.]'"). The September 2015 Grievance, then, was sufficient to "alert corrections officers 'to the nature of the claim,'" against Russo. Singh, 460 Fed. App'x at 47 (quoting Johnson, 380 F.3d at 697). Therefore, the Court adopts the portion of the Report-Recommendation finding that Russo failed to meet his burden to show Plaintiff's claim against him is unexhausted.

V.   **CONCLUSION**

Accordingly, it is hereby:

**ORDERED,** that the Report-Recommendation (Dkt. No. 92) is **APPROVED and ADOPTED** in its entirety; and it is further

**ORDERED,** that Plaintiff's motion for summary judgment (Dkt. No. 55) is **DENIED**; and it is further

**ORDERED,** that Defendants' motion for summary judgment (Dkt. No. 81) is **GRANTED in part** and **DENIED in part**. The motion is granted to the extent it requests summary judgment on behalf of Defendants Polizzi, Greene, and Morris and denied to the extent it requests summary judgment on behalf of Defendant Russo; and it is further

**ORDERED,** that Defendants Polizzi, Greene, and Morris are **TERMINATED** from

this action; and it is further

**ORDERED,** that the Clerk is directed to serve a copy of this Decision and Order on the

parties in accordance with the Local Rules.

**IT IS SO ORDERED.**[1]

DATED:       November 30, 2020
                Albany, New York

Lawrence E. Kahn
U.S. District Judge

---

[1] Due to the delays and disruptions caused by the COVID-19 pandemic, some cases/motions were not disposed of prior to the end of the reporting period.